Kenneth R. SCALF Et Al *v.* John S. PAYNE

79-29                                   583 S.W. 2d 51

Opinion delivered July 2, 1979
(Division II)

*Robert C. Compton,* of *Brown, Compton & Prewett, Ltd.,* and

*Jerry G. James,* for appellants.

*Spencer & Spencer,* for appellee.

JOHN A. FOGLEMAN, Justice. The issue on this appeal is whether one of multiple defendants in a tort action, who is found not negligent, is a joint tortfeasor in the sense that codefendants are entitled to credit for any amount paid by him before trial for a release of liability.

John S. Payne filed suit against June Moudy, Kenneth R. Scalf, an employee of Gay & Taylor, Inc., and Richard L. Browder, alleging that, while his vehicle was stopped in a line of traffic, the defendants Scalf and Browder drove their vehicles into each other in such a manner as to cause the vehicle driven by Moudy to collide with the rear of Payne's vehicle. He sought damages against each of the defendants jointly and severally. Each of the defendants cross-complained against the others for contribution. On August 18, 1977, Payne's attorney dismissed the action as to Browder only. On August 29, 1977, Payne executed a release of Browder containing the following statement:

> This release is solely to Richard Browder and Dairyland Insurance Company, and is not intended to, and does not, in any way affect the liability of any other party (all rights against all other parties being expressly reserved).

When the case was tried in November, 1977, the jury, by answers to interrogatories, found that Moudy and Browder were not negligent, but that Scalf was, and that Payne's total damages were $20,000.00.

In their cross-complaint against Browder, Scalf and Gay & Taylor, Inc. had alleged that:

> Should recovery be had against him, they should have judgment over against such other defendant or defendants as may be found to be negligent in the proportion of that defendant or defendants' negligence.

Browder's answer denied that Scalf or Gay & Taylor, Inc.,

was entitled to any judgment against him and he cross-complained against them for the payment of any judgment rendered against him, pursuant to the Uniform Contribution Among Joint Tortfeasors Act of Arkansas.

The trial court held that Browder, in having been found not negligent, was not a joint tortfeasor, and that Scalf and Gay & Taylor, Inc., were not entitled to credit for the $10,000 paid Payne on behalf of Browder. Scalf and Gay & Taylor, Inc., paid $10,000 toward satisfaction of the judgment and appealed from that part of the judgment in excess of that amount. Browder also appeals, contending that, if Scalf and Gay & Taylor, Inc., are entitled to credit for the $10,000 paid by him, he is entitled to contribution from Scalf and Gay & Taylor, Inc.

All parties concede that Ark. Stat. Ann. § 34-1004 (Repl. 1962) is the controlling statute. It reads as follows:

A release by an injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides; but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid.

Appellants rely upon the case of *Coleman* v. *Gulf Refining Company of Louisiana*, 172 Ark. 428, 289 S.W. 2, and our quoting with approval the following language from *Cleveland* v. *City of Bangor*, 87 Me. 259, 32 A. 892:

But, with regard to the point under consideration, no sound reason has been given, and it is believed none can be assigned, for such a distinction between the case of wrongdoers who are jointly and severally liable and those who are only severally liable for the same injury. In either case the sufferer is entitled to but one compensation for the same injury, * * *

Appellant also theorizes that the total judgment for $20,000

should be reduced by the $10,000 paid by Browder.

The definition of joint tortfeasors for the purposes of our version of the Uniform Contribution Among Tortfeasors Act is contained in Ark. Stat. Ann. § 34-1001 (Repl. 1962). It provides:

"Joint Tortfeasors" defined — For the purpose of this Act [§§34-1001 - 34-1009] the term "joint tortfeasors" means two [2] or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them.

We cannot agree with the appellants that Browder was a joint tortfeasor. It may well be true that the question of the joint or common liability of joint tortfeasors is determined as of the time the cause of action accrues and not at the time when the right to recover contribution is asserted, but the jury, by its verdict, obviously found that Browder was neither jointly nor severally liable for the injury to Payne. There simply is no way under the statutory definition that Browder can be considered as a joint tortfeasor. The fact that he was willing to pay for a release from "all claims, demands, damages, actions, rights of action, of whatever kind or nature which I/We now have or may hereafter have arising out of, in consequence of or on account of all injuries to persons, including those known and unknown, developed or undeveloped, and unforeseen or unexpected developments and consequences of known injuries and damage to property resulting to me/us in any way from an accident which occurred on or about the 23rd day of March, 1976, at El Dorado, Arkansas," did not make him a tortfeasor. The release also contained a clause stating that the sum was paid as a compromise and settlement of the dispute between the parties as to whether Browder was liable and another that the payment of the sum was not to be construed as an admission of any liability.

None of the cases cited by appellants have any bearing on this question. There has been no admission of liability by Browder. Scalf and Gay & Taylor, Inc., have had full oppor-

tunity to show that Browder was guilty of negligence which was a proximate cause of Payne's damages. They failed to do so. The closest approach to this situation, among the cases cited by appellants, is found in *Walton* v. *Tull*, 234 Ark. 882, 356 S.W. 2d 20. That case is readily distinguishable, however. There we said that evidence of the settlement agreement between the plaintiff and one of the codefendants was properly excluded from evidence because it would have informed the jury that one of the codefendants had admitted liability and it could have been the basis for argument that plaintiff had accepted the amount of the settlement as fair compensation for his injuries. Not only was there no admission of liability here, as there was there, but there was a finding of no liability here, while the tortfeasor who made the settlement in *Walton* was found to have been guilty of negligence which was a proximate cause of plaintiff's injury in the ratio of 60%, with the other 40% being divided among three other parties.

We approached the matter much more closely in *Welter* v. *Curry*, 260 Ark. 287, 539 S.W. 2d 264. There we said:

We can only assume that appellant's contention is based upon the objections registered in the trial court, even though appellant may have abandoned the contention that she is entitled to either indemnity or contribution from the parents. If she were, the failure to submit the interrogatories requested would have been a clear abuse of discretion. But we have found no basis for either contribution or indemnity in this case. Appellant was not entitled to contribution, because the parents were not joint tortfeasors with appellant under the Uniform Contribution Among Tortfeasors Act. Ark. Stat. Ann. § 34-1001 et seq. (Repl. 1962). It seems to be well settled that there is no right to contribution under the act from one who is not liable in tort to the injured person. Ark. Stat. Ann. §§ 34-1001, 1002; Annot., 34 A.L.R. 2d 1107 (1954). Before the statute comes into play, there must be a common liability to an injured party, and the injured party must have a possible remedy against both the party seeking contribution and the party from whom it is sought. * * * It is clear that

these minor plaintiffs had no remedy against their parents. * * * [Citations omitted.]

Courts in other jurisdictions have taken the position that the injured party's right to recover from the party with whom the settlement was made must be established. In *Swigert* v. *Welk,* 213 Md. 613, 133 A. 2d 428 (1957), it was held that before a tortfeasor, against whom judgment is rendered, is entitled to a reduction of judgment or contribution from one who has settled with the injured party, there must be a showing, in one way or another, of negligence on the part of the party released by the settlement. In *Davis* v. *Miller,* 385 Pa. 348, 123 A. 2d 422 (1956), it was held that the judgment against a tortfeasor could be reduced by reason of a settlement by the injured party with a third party only if it could be established that the third party was a tortfeasor. This appellants failed to do, after full opportunity to do so. The mere fact that appellee may have recovered more damages than he actually suffered cannot be taken advantage of by Scalf and Gay & Taylor, Inc., when the jury found that the negligence of Scalf was the sole proximate cause of Payne's damages of $20,000.

The judgment is affirmed.

We agree. HARRIS, C.J., and HOLT and PURTLE, JJ.