**PREFERRED RISK MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**Cindy Madison COLLIER, Defendant.**

**Civ. A. No. J87–0497(L).**

United States District Court, S.D. Mississippi, Jackson Division.

April 5, 1989.

Michael K. Randolph and V.K. Smith, Bryan, Nelson, Allen, Schroeder and Randolph, Hattiesburg, Miss., for plaintiff.

Cindy Madison Collier, Poplarville, Miss., pro se.

Richard C. Fitzpatrick, Poplarville, Miss., for Cindy Collier.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

Previously in this cause, by order dated February 14, 1989, this court denied a motion by the third party defendant, Cindy Madison Collier, to dismiss the claim asserted against her by Preferred Risk Mutual Insurance Company (Preferred Risk). The motion was subsequently renewed and evidence presented to the court for consideration in connection therewith. Now, having carefully reconsidered its prior ruling, the court finds that the order of February 14, 1989 should be vacated and the motion to dismiss granted.

This lawsuit was filed by Desiree D. Cheramie following an automobile collision involving a vehicle driven by Cheramie and one driven by Collier. At the time of the accident, Cheramie was operating an automobile insured under a policy of liability insurance issued by Preferred Risk; the policy provided for uninsured motorist benefits in the amount of $35,000. Collier, at the time of the accident, was uninsured as was the car she was driving.

Immediately after the accident, Banks Turner, claims manager for Preferred Risk, conducted an investigation into the cause of the collision and concluded that Preferred Risk's insured, Cheramie, was "clearly at fault." Therefore, on February 28, 1986, Preferred Risk paid to Collier the sum of $13,080.85; Collier executed a "release of all claims" pursuant to which she agreed to accept the $13,080.85

in full compromise, settlement and satisfaction of, and as sole consideration for the final release and discharge of all actions, claims and demands whatsoever ... against ... Desiree Cheramie and Preferred Risk Mutual Ins. Co. ... as a result of [the] accident....

Once Cheramie instituted suit against Preferred Risk to recover benefits under its policy of insurance, Preferred Risk filed a third party complaint against Collier seeking to exercise its right of subrogation. Collier sought and now seeks dismissal of Preferred Risk's claim on the basis that there has been a full and complete accord and satisfaction between Collier and Preferred Risk for and on behalf of Cheramie. Collier contends that as a result of the release executed by her, Preferred Risk is estopped to claim any relief against her since the release, which contained no reservation of rights by Preferred Risk, compromised and settled all claims between them.

The overwhelming weight of authority clearly supports the position taken by Collier that "the making of a settlement without an express reservation of rights constitutes complete accord and satisfaction of all claims of immediate parties to the settlement arising out of the same accident." *Butters v. Kane,* 347 A.2d 602, 604 (Me. 1975); *see also Sexton v. First Nat'l Mercantile Bank & Trust Co.,* 713 S.W.2d 30, 31 (Mo.Ct.App.1986) (absent express reservation, where party has been released from all claims arising from collision, he is estopped from suing party who gave the release for damages); *Mutual of Enumclaw Ins. v. State Farm Mut. Automobile Ins. Co.,* 37 Wash.App. 690, 682 P.2d 317, 319 (1984) (except for claims expressly reserved, settlement agreement presumed to embrace all existing claims of parties arising from underlying incident); *Greene v. Anders,* 473 S.W.2d 622, 626–27 (Tex.Ct. App.1971) (settlement between parties without express reservation of rights operates as accord and satisfaction of all claims of immediate parties); *Burke v. Shaffer,* 184 Neb. 100, 165 N.W.2d 352, 353 (1969) (settlement between parties to accident without express reservation of rights against parties executing release operates

as accord and satisfaction of all claims of immediate parties since it is logically and factually impossible to reconcile valid claim by one party with valid claim by adverse party); *Brown v. Hughes*, 251 Iowa 444, 99 N.W.2d 305, 307 (1960) (one who elects to settle opposing claim and to buy release from other party will be held to have elected to compromise entire controversy absent express reservation of right to sue on his own claim). The sole deviation from this rule cited by Preferred Risk is the Fifth Circuit case of *Standard Oil Company of Kentucky v. Illinois Central Railroad Company*, 421 F.2d 201 (5th Cir.1969). In that case, Illinois Central settled a claim by the estate of one Morris Pigott, who died as the result of a collision between an Illinois Central train and a truck owned by Weathersby, a bulk agent for Standard Oil. Pigott was considered an agent for Weathersby and Standard Oil. The settlement in that case was effected between Illinois Central, the Pigott estate and, because of workmen's compensation, Weathersby and his compensation carrier. After payment to the Pigott estate in settlement of its claims, Illinois Central filed suit against Standard and Weathersby seeking to recover from them two-thirds of the amount it had paid to the Pigott estate, claiming that those parties, as joint tortfeasors, were liable for contribution. Standard and Weathersby took the position that Illinois Central, by virtue of the release executed by the Pigott estate, had released its rights against Pigott and hence Standard and Weathersby as Pigott's privies. The court there observed that

> [t]he release does not even purport to release Pigott from claims of the railroad. A letter written by the IC attorney to counsel for the estate says the railroad will make no claim against the estate. It does not say the IC releases anything. And the letter refers to the intention to proceed against Standard and Weathersby, against whom suit was then pending.

*Standard Oil*, 421 F.2d at 205. The court then concluded, without discussion, that as a matter of law there was no release of the Pigott estate. *Id.*

This court initially denied Collier's motion to dismiss on the basis of the Fifth Circuit's holding in the *Standard Oil* case. A more thorough review of the case leads the court now to conclude, however, that it is distinguishable—significantly distinguishable—from the case at bar such that this court is not constrained by its holding. In that case, one of the parties against whom suit was brought post-release, Standard Oil, was not a party to the release. The other defendant, Weathersby, was a party, but signed only because it, as Pigott's employer, carried workmen's compensation insurance for the benefit of its employees. Moreover, the opinion's recitation indicates that a letter was written by the attorney for Illinois Central, the releasee, expressing an intention to proceed against Standard and Weathersby; obviously there was nothing in the case at bar to indicate to Collier that, at the time of her execution of the release, Preferred Risk intended or even conceived that it might later proceed against her. Had it done so, she may well have reconsidered her decision to release Preferred Risk from liability. In addition to this critical distinction, the court finds it notable that the Fifth Circuit, in *Standard Oil*, a case governed by Mississippi law, did not purport to determine the manner in which the Mississippi Supreme Court might determine the issue nor does the court's opinion demonstrate the rationale behind its conclusion.

■ The Mississippi Supreme Court has not addressed the question of whether a releasee may maintain an action against his releasor. This court, though, is of the opinion that if given an opportunity to do so, Mississippi would adopt the majority view discussed above. As one court has stated, the rule that absent express reservation, a releasee's claims are barred and he is estopped from proceeding against the releasor after execution of a release, is "[fortunate] ... for the reputation of the law for fairness." *Lugena v. Hanna*, 420 S.W.2d 335, 340 (Mo.1967). Were the law otherwise, the policy favoring settlement would be overshadowed by doubt as to the effectiveness of a release.

If releases obtained under the circumstances and facts now before [the court] are to be taken lightly and rescinded, there would be few settlements without litigation.... No one settling a case would be secure from litigation short of the statute of limitations.

*Mutual of Enumclaw*, 682 P.2d at 319. The Mississippi cases make it clear that Mississippi has a strong and abiding policy favoring settlement, and under Mississippi law, a release is valid and enforceable and cannot be set aside absent fraud. *Parker v. Howarth*, 340 So.2d 434, 437 (Miss.1976); *Hines v. Hambrick*, 210 Miss. 358, 49 So.2d 690, 694 (1951). Rejection of the position advanced by Collier would be tantamount to the disregard of this stringent standard by allowing a release to be nullified at the whim of the releasee. Such a result clearly is not consonant with Mississippi's clear policy of favoring and enforcing settlements.

■ The facts presented in the case *sub judice* give special impetus to the court's conclusion. Banks Turner, Preferred Risk's claims manager and the individual who had complete authority to settle this case, stated that the decision to make the payment to Collier was based on his "firm conclusion" that Cheramie, not Collier, was "clearly at fault." He explained that at the time the money was paid, he was aware that Cheramie intended to file for benefits under the uninsured motorist coverage of the policy, yet nevertheless made the decision to make the payment to Collier. That is, he was aware even at the time of the settlement that Preferred Risk's insured contemplated recovery from Preferred Risk on the basis of Collier's alleged negligence. Particularly in view of this fact, the lack of any reservation of rights by Preferred Risk to proceed against Collier in the event Cheramie pressed her claim indicates that Preferred Risk intended to settle *all* matters. In fact, Banks Turner so testified by stating that at the time of the settlement it was his intention on behalf of Preferred Risk to settle all claims between Preferred Risk and Collier and that he never even considered a claim against her. Under these circumstances, the court cannot in good conscience allow to stand its prior holding denying Collier's motion to dismiss.

Accordingly, based on the foregoing, it is ordered that the court's prior ruling of February 14, 1989 is hereby vacated and it is ordered that the motion to dismiss filed by Collier is granted.

A separate judgment shall be entered in accordance with Federal Rule of Civil Procedure 58.

ORDERED.