## UNION PACIFIC RAILROAD CO., Appellant,

v.

## David MULLEN, Appellee.

### No. 91–3113.

United States Court of Appeals,
Eighth Circuit.

Submitted March 10, 1992.

Decided May 28, 1992.

John Dewey Watson, Little Rock, Ark., argued (Herschel H. Friday, John Dewey Watson and T. Wesley Holmes, on the brief), for appellant.

Robert Eric McCallum, Bryant, Ark., for appellee.

Before, FAGG, Circuit Judge, BEAM, Circuit Judge, and GAITAN,* District Judge.

GAITAN, District Judge.

Union Pacific Railroad Company appeals from the district court's [1] denial of its motion for a new trial. The district court dismissed Union Pacific's cross-claim against David Mullen for contribution under the Arkansas Uniform Contribution Among Tortfeasors Act, Ark.Code Ann. §§ 16–61–201 to –212 (1987), based upon a prior release signed by Mullen in favor of Union Pacific. We affirm.

## I. BACKGROUND

The relevant facts are undisputed in this case. On November 30, 1987, David Mullen and Melissa Mahaffey, a passenger in his car, were involved in an accident when a train operated by Union Pacific Railroad Company struck the car driven by Mullen. As a result of the collision, Mullen was seriously injured and Mahaffey was killed.

On March 17, 1988, Mullen signed a general release prepared by Union Pacific which provided that Mullen agreed to release any and all claims against Union Pacific in exchange for $35,000.[2] Several months later, the administrator of Mahaffey's estate filed a wrongful death action

---

* The HONORABLE FERNANDO J. GAITAN, JR., United States District Court Judge for the Western District of Missouri, sitting by designation.

1. The Honorable George Howard, Jr., District Judge, United States District Court for the Eastern District of Arkansas.

2. Mullen also agreed to release Missouri Pacific Railroad Company and Portland Gin Company, who are not parties in this appeal.

against Union Pacific in the United States District Court. Jurisdiction was based on diversity of citizenship under 28 U.S.C. § 1332 (1988). Portland Gin Company and David Mullen were later added as party defendants in the suit. Subsequently, Union Pacific filed a cross-claim against Mullen seeking contribution under the Arkansas Uniform Contribution Among Tortfeasors Act (UCATA), Ark.Code Ann. §§ 16–61–201 to –212 (1987).

After two days of trial, the parties agreed to a settlement with the plaintiff for $185,000, and Union Pacific continued to pursue its cross-claim for contribution against Mullen. However, the district court denied Union Pacific's claim for contribution and entered judgment in favor of Mullen on the cross-claim. Union Pacific filed a motion for a new trial which was denied by the district court. The court held that the March 17, 1988 release signed by Mullen extinguished any liability for contribution to Union Pacific for damages arising as a result of the accident.

## II. DISCUSSION

Union Pacific filed this appeal claiming that the district court erred in finding that the release signed by Mullen compromised Union Pacific's claim for contribution against him. Union Pacific argues that the cause of action for contribution under the Arkansas UCATA did not accrue until the time payment was made to Mahaffey's estate on the joint liability, and therefore, the release could not extinguish the cause of action before it accrues. Alternatively, Union Pacific argues that the release cannot be construed to estop Union Pacific's claim for contribution against Mullen.

Upon review of the district court's decision, the court notes that this case was based upon diversity jurisdiction, therefore, Arkansas law should be applied. *Pearce v.*

*Cornerstone Clinic For Women,* 938 F.2d 855 (8th Cir.1991). In the event that Arkansas courts have not addressed the issue, the court must attempt to determine how the Arkansas courts would decide the question. *Id.* at 857. Questions of state law are to be reviewed de novo. *See Salve Regina College v. Russell,* — U.S. —, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

1. Accrual of a Cause of Action for Contribution Under the Arkansas Uniform Contribution Among Tortfeasors Act (UCATA)

 The Uniform Contribution Among Tortfeasors Act of 1939 was adopted by the state of Arkansas in 1941. Although the UCATA was later revised in 1955, Arkansas retained the original 1939 version of the Act. At the present time, nineteen states have adopted some form of the UCATA,[3] and eight states, including Arkansas, still retain the substance of the 1939 version of the Act.[4]

The portion of the Act central to the issue before us is found at Ark.Code Ann. § 16–61–202(2) which states that:

A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof.

Ark.Code Ann. § 16–61–202(2) (1987). Relying on this statutory language, Union Pacific argues that the district court erred in finding that a cause of action for contribution accrues at the time of the underlying tort. Essentially, Union Pacific contends that payment on common liability, not the underlying tort, triggers a cause of action for contribution.[5] Conversely, Mullen argues that the occurrence of the underlying tort triggers contribution rights. These respective positions define the issue

---

**3.** Arizona, Arkansas, Colorado, Delaware, Florida, Hawaii, Maryland, Massachusetts, Nevada, New Mexico, North Carolina, North Dakota, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Carolina, South Dakota, and Tennessee.

**4.** Delaware, Hawaii, Maryland, New Mexico, Pennsylvania, Rhode Island, and South Dakota.

**5.** Union Pacific cites several cases from other states supporting its interpretation of the UCATA. *See, e.g., Albert v. Dietz,* 283 F.Supp. 854 (D.Haw.1968); *Southern Maryland Oil Co. v. Texas Co.,* 203 F.Supp. 449 (D.Md.1962); *Nikolous v. Superior Court,* 157 Ariz. 256, 756 P.2d 925 (1988); and *National Mutual Insurance Co. v. Whitmer,* 70 Ohio St.2d 149, 435 N.E.2d 1121 (1982). However, these cases are not persuasive

currently before us: When, under Arkansas law, does a cause of action for contribution arise? No Arkansas state decision directly resolves this issue.[6] Therefore, we must attempt to determine how the Arkansas courts would decide this question.

After Arkansas adopted the UCATA, the Supreme Court of Arkansas agreed to interpret the Act in accordance with the comments provided by the National Conference of Commissioners under the following conditions:

> While we are not necessarily bound by [the interpretation given in the Commissioner's Notes], it is very persuasive and should be adopted, unless we are clearly convinced that an erroneous interpretation has been given the Act by the Commissioners, or that it is contrary to the settled policy of this State as declared in the opinions of this Court.

*Scultz v. Young*, 205 Ark. 533, 169 S.W.2d 648, 651 (Ark.1943). The Commissioner's Notes on this subsection provide guidance for interpreting the statutory language:

> Subsection (2): This Subsection merely states the universally recognized condition required for obtaining a money judgment for contribution. The Act in no way changes this requirement for stating a "cause of action" for contribution; and the subsequent Sections permitting cross-litigation in the injured person's action, before these conditions exist, of some of the issues involved in securing contribution are in no way in conflict with the provisions of this Subsection.

Uniform Contribution Among Tortfeasors Act § 2(2) (Commissioner's Note), 9 U.L.A. 236 (1939).

The Commissioner's Notes state that while a payment discharging common liability is a condition precedent to a money judgment for contribution, such payment does not mark the point of viability for a cause of action for contribution. This comment clearly supports Mullen's proposition that a cause of action for contribution accrues at the time of the underlying tort.

Other jurisdictions faced with this issue have reached a similar conclusion. Based upon the Commissioner's Notes from Subsection (2), the Superior Court of Delaware held that § 2 of the UCATA refers only to "the time when the right to institute suit for contribution arises and not to the inchoate right of contribution itself." *Distefano v. Lamborn*, 46 Del. 195, 81 A.2d 675, 679 (1951).[7] In other words, the substantive right to contribution accrues when the injury occurs, while the procedural right to institute the action, barring the joinder provisions of the UCATA, arises when the common liability is discharged or a party has paid more than his pro rata share. *See id.* In *Lightner v. Duke Power Co.*, 719 F.Supp. 1310 (D.S.C.1989), the court found a distinction between the accrual of an "equitable, inchoate right of contribution" which arises at the time of the tortious acts, and the "maturation of the right to recover contribution" once payment is made on the joint liability. *Lightner*, 719 F.Supp. at 1315 (quoting *Shiflet v. Eller*, 228 Va. 115, 319 S.E.2d 750 (1984)). *See also Slaughter v. Pennsylvania X–Ray Corp.*, 638 F.2d 639 (3rd Cir.1981); *National Farmers Union Property and Casualty Co. v. Frackleton*, 662 P.2d 1056 (Colo. 1983).

Given the express predilection of the Arkansas Supreme Court for the Commissioner's Notes, *Scultz*, 169 S.W.2d at 651, we conclude that a cause of action for contri-

in the primary analysis of this question because our determination is guided by Arkansas state law.

**6.** Mullen claims that the Arkansas Supreme Court decision in *Scalf v. Payne*, 266 Ark. 231, 583 S.W.2d 51 (1979) supports the proposition that a cause of action for contribution accrues at the time of the underlying tort. We do not agree that the *Scalf* decision is dispositive of this question.

In *Scalf*, the issue in dispute was the definition of a joint tortfeasor under Ark.Code Ann. § 34–1001 (Repl.1962). Mullen relies on the Court's statement that "joint or common liability of joint tortfeasors is determined as of the time the cause of action accrues and not at the time when the right to recover contribution is asserted ..." *Scalf v. Payne*, 266 Ark. 231, 583 S.W.2d 51, 52 (1979). The Court used this statement to explain that joint liability is established at the time of the accident. This language does not address when a cause of action for contribution accrues.

**7.** Delaware adopted and continues to follow the original 1939 version of the UCATA.

bution arises with the underlying tort, and not upon payment of common liability. The statutory language of Ark.Code Ann. § 16–61–202(2) is consistent with the view that there is a substantive, equitable right of contribution at the time of the accident. Even though the right may be contingent and inchoate until payment is made to discharge the joint liability, the right provides the basis for a cause of action in contribution at the time of the tortious acts. We affirm the district court's finding on this issue.

### 2. Effect of Mullen's Release

Union Pacific argues that the release signed by Mullen does not bar a cause of action for contribution. Union Pacific bases this claim on the previous argument that since there is no cause of action for contribution at the time of the underlying tort, the release could not bar a cause of action which did not exist.

Union Pacific relies on several cases which have held that there can be no release of a cause of action for contribution before the cause of action accrues. *See Martin v. Guttermuth,* 403 S.W.2d 282 (Ky.1966); *Ohio Casualty Ins. Co. v. Nauth,* 5 Wis.2d 518, 93 N.W.2d 514 (Wis. 1958). As discussed earlier, the court disagrees with Union Pacific's premise that there is no cause of action for contribution at the time of the underlying tort. Therefore, Union Pacific has no basis for argument on this point.

Alternatively, Union Pacific argues that the district court erred because neither the terms of the release nor the doctrine of estoppel should bar it's claim for contribution. In denying Union Pacific's motion for a new trial, the district court held that in the absence of an express reservation of rights clause, the release was a settlement of all the claims. *See Preferred Risk Mutual Insurance Co. v. Collier,* 712 F.Supp. 96 (S.D.Miss.1989); *Cyr v. Cyr,* 560 A.2d 1083 (Me.1989).

We need not address whether the doctrine of equitable estoppel is applicable in this case because the issue can be resolved under the general principles of accord and satisfaction. Although there is no Arkansas case on this point, the effect of a valid general release, without an express reservation of rights clause, is an accord and satisfaction of all claims between the immediate parties arising from the incident in question. *Preferred Risk Mutual Insurance Co. v. Collier,* 712 F.Supp. 96 (S.D.Miss.1989). Clearly, Union Pacific's claim for contribution was directly related to the same accident upon which Mullen released all his claims against Union Pacific. The general release signed by Mullen did not contain an express reservation of rights clause in favor of Union Pacific.[8] Therefore, the natural inference to be drawn from these circumstances is that all claims between the parties are settled. We agree with the district court's decision on this issue.

Judgment affirmed.

---

**8.** The Arkansas Supreme Court held in *De Soto Life Insurance Co. v. Jeffett,* 210 Ark. 371, 196 S.W.2d 243 (1946), that a release prepared by one party for its benefit should be strongly construed against that party. In this case, the release signed by Mullen was on a general release form supplied by Union Pacific. Union Pacific had the opportunity to include language which provided an express reservation of rights against Mullen for contribution, but failed to do so.