```
                                *
_____                     *
                                *
  No. 94-2861                   *
_____                     *
                                *
Jimmy E. Shaw; Diana Reeves     *
Shaw,                           *
                                *
        Appellees,              *
                                *
    v.                          *
                                *
Ouachita RR, Inc.,              *
                                *
        Appellant.              *
                                *
_____                     *   Appeals from the United States
                                *   District Court for the
  No. 94-2946                   *   Western District of Arkansas.
_____                     *
                                *        [UNPUBLISHED]
Jimmy E. Shaw; Diana Reeves     *
Shaw,                           *
                                *
        Appellants,             *
                                *
    v.                          *
                                *
Ouachita RR, Inc.,              *
                                *
        Appellee.               *
                                *
_____                     *
                                *
  No. 94-3299                   *
_____                     *
                                *
Jimmy E. Shaw; Diana Reeves     *
Shaw,                           *
                                *
        Appellees,              *
                                *
    v.                          *
                                *
Ouachita RR, Inc.,              *
                                *
        Appellant.              *
```

Submitted:  October 25, 1995

Filed:  January 30, 1996

Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.


Jimmy E. Shaw and his wife instituted this diversity action against Ouachita Railroad, Inc. (Ouachita) and Kirkpatrick Scales, Inc. (Kirkpatrick), to recover for injuries Jimmy sustained when he fell into an uncovered scale pit inside a scale house owned by Ouachita.  Kirkpatrick, with whom Ouachita had contracted to service its scales, was dismissed from the suit after entering into a settlement agreement with the Shaws for $41,500.  Following a bench trial, the district court entered judgment against Ouachita and awarded the Shaws over $80,000 in damages, which included $10,000 for pain and suffering.  Ouachita moved for relief from the judgment, contending that Kirkpatrick was a joint tortfeasor and that its settlement should therefore be credited to the judgment. The court summarily denied the motion, and Ouachita appeals.  The Shaws cross-appeal, arguing the damage award for pain and suffering was inadequate.  We affirm in part and reverse in part.


Interpreting the settlement agreement under Arkansas law, if Kirkpatrick was negligent and thus jointly liable for Jimmy's injuries, the judgment against Ouachita should have been reduced by the settlement amount.  See Ark. Code Ann. § 16-61-204 (Michie 1987); Scalf v. Payne, 583 S.W.2d 51, 52-53 (Ark. 1979).  The district court found Ouachita acted negligently in failing to take precautionary measures--such as posting a warning sign on the scale house door--while Kirkpatrick had the scale pit uncovered to service the scales.  While the court found that it was Kirkpatrick's agent who invited Jimmy into the scale house, it made

-2-

no express finding as to whether it considered Kirkpatrick's conduct negligent. As there was no evidence Jimmy was warned about the uncovered scale pit inside the scale house, we believe that Kirkpatrick's invitation constituted negligence as a matter of law. Therefore, Kirkpatrick's settlement should have been credited to the judgment.

We reject the Shaws' challenge to the adequacy of the damage award for pain and suffering. <u>See</u> <u>Butler v. Dowd</u>, 979 F.2d 661, 671 (8th Cir. 1992) (appellate courts "should be extremely hesitant" to disturb damage awards for pain and suffering, as trial court has observed witnesses' demeanor and knows community and its standards), <u>cert. denied</u>, 113 S. Ct. 2395 (1993).

Accordingly, we affirm the pain and suffering portion of the damage award, but reverse and remand with instructions for the district court to reduce the overall damage award against Ouachita by Kirkpatrick's $41,500 settlement payment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.