Elmer DAVIS aka Robert Brown, Plaintiff-Appellant,

v.

Leroy EIDE, Detective-Police Office, et al., Defendant-Appellee.

No. 24748.

United States Court of Appeals, Ninth Circuit.

March 24, 1971.

Elmer Davis, in pro. per.

Roger Arnebergh, City Atty., Bourke Jones, George J. Franscell, Asst. City

Attys., Kurt S. Seifert, Deputy City Atty., Los Angeles, Cal., for defendant-appellee.

Before MERRILL and HUFSTEDLER, Circuit Judges, and SOLOMON, District Judge.*

PER CURIAM:

Appellant Elmer Davis brought this action under 42 U.S.C. § 1983 against two Los Angeles City policemen to recover damages for alleged violations of his civil rights that occurred when the officers entered an hotel room in which he was present, seized some stolen bolts of cloth, and then arrested him. The arrest, search and seizure led to appellant's criminal conviction in the Superior Court of California for receiving stolen goods. The conviction was reversed by the State Court of Appeal. Thereafter the charge was dropped. Appellant then instituted this Civil Rights damage action in federal court.

■ Appellant contends that the District Court erred in refusing to instruct the jury on the permissible scope of a search. We do not agree. Undisputed evidence established that the seized material was in plain sight once the officers had entered the room. Since "objects falling in the plain view of an officer who has the right to be in the position to have that view are subject to seizure [without a warrant] and may be introduced into evidence," Harris v. United States, 390 U.S. 234, 236, 88 S. Ct. 992, 993, 19 L.Ed.2d 1067 (1968), there was no "search" within the meaning of the Fourth Amendment if the officers' entry was lawful.

The District Court submitted to the jury the questions of consent to the officers' entry and of probable cause for appellant's arrest. Since there were disputes of fact upon these issues, the evidence before the court did not establish liability as a matter of law. Nevertheless, appellant contends that these very issues had been resolved in his favor in the state criminal proceedings, and that the defendants were collaterally estopped to dispute them. While the defendants were not parties to the state proceedings, they were, appellant contends, in privity with the state.

■ Under the Restatement definition, "[t]he word 'privy' includes those who control an action although not parties to it * * *; those whose interests are represented by a party to the action * * *; [and] successors in interest * * *." Restatement, Judgments § 83, comment a (1942). See generally, 1B Moore's Federal Practice ¶0.411 (2d Ed. 1965); Note, Developments in the Law—Res Judicata, 65 Harv.L.Rev. 818, 855, 860 (1952). The defendants were city police officers not directly employed by the state; they had no measure of control whatsoever over the criminal proceeding and no direct individual personal interest in its outcome. In these circumstances there was no privity sufficient to invoke the doctrine of collateral estoppel. Cf. Williams v. Cambridge Mutual Fire Insurance Co., 230 F.2d 293 (5th Cir. 1956). Accordingly we find no merit in appellant's further contention that the District Court failed to give full faith and credit to the state determination.

■ The District Court did not err in admitting into evidence a prior inconsistent statement made by appellant during his state criminal trial. The statement was introduced under limiting instructions solely to impeach the credibility of appellant's testimony. See Fed. R.Civ.P. 43(a); Cal.Evid.Code § 770 (1965).

■ We find neither error nor abuse of discretion in the denial of appellant's motion for mistrial, which was based on the fact that some members of the jury had observed him during a court recess in handcuffs in the custody of a United States Marshal. We are satisfied that

---

* Honorable Gus J. Solomon, Chief United States District Judge for the District of Oregon, sitting by designation.

appellant's case was not prejudiced by this incident, since the District Court carefully instructed the jury that the appellant's custody had no relation to the action being tried, that handcuffs were routinely employed to detain anyone in custody, and that their use had nothing to do with any issue involved in the case.

Appellant's contention on appeal that he was denied an opportunity to prepare his case by repressive actions of his jailors was not presented to the trial court and is without support in the record.

Judgment affirmed.