70 F.3d 1278
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Danny GAHN, Plaintiff-Appellant,
v.
Steven BELTZ, Trooper; Raymond Moss, Trooper; Dennis
O'Brien, Trooper, Defendants-Appellees.
 No. 94-35745.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 15, 1995.*
Decided Dec. 1, 1995.
 
 Before: WRIGHT, FERNANDEZ, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A. Qualified Immunity.
 
 
 3
 Gahn claims that the court erred in giving jury instruction No. 13D, regarding the officers' qualified immunity defense, because the question should have been decided by the court, not the jury. Whether an officer has immunity should generally be decided by the court long before trial, Hunter v. Bryant, 112 S.Ct. 534, 537 (1991), unless the right to immunity turns on the resolution of disputed facts. Sloman v. Tadlock, 21 F.3d 1462, 1468 (9th Cir.1994). See also Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). In the case at bar, the question of qualified immunity was decided by the court. The rule favoring decision early in the case is designed to protect police officers from being subjected to trial where they enjoy qualified immunity, so there could be no prejudice to Gahn from having the court decide the issue later in the proceedings.
 
 
 4
 Gahn claims that the district court erred by not entering a default summary judgment on his behalf after the officers failed to timely respond to his motion. The district court's refusal to enter a default judgment is reviewed for abuse of discretion. Pau v. Yosemite Park and Curry Comp., 928 F.2d 880, 885 (9th Cir.1990). The district court reasonably concluded that Gahn had failed to comply with his discovery obligations, which would affect defendants' ability to respond to his motion for summary judgment, so the court was within its discretion in denying the motion for summary judgment.
 
 
 5
 Gahn's argument for issue preclusion fails because the officers he sued in the case at bar were not parties to the case between the State of Washington and the driver of the automobile. Davis v. Eide, 439 F.2d 1077, 1078 (9th Cir.1971).
 
 
 6
 Gahn's challenges to the jury instructions are meritless. A district court's formulation of jury instructions is generally reviewed for an abuse of discretion. United States v. Vaandering, 50 F.3d 696, 702 (9th Cir.1995). Instruction No. 11 was a fair statement of Washington law. The statute quoted in that instruction differs from the one held unconstitutional in State v. White, 640 P.2d 1061 (1982). Gahn also challenges the court's decision not to give certain of his proffered instructions. "A court is not required to instruct the jury in words chosen by a party nor to incorporate every proposition of law a party suggests. It is sufficient if the instructions as given allow the jury to determine the issues presented." Heath v. Cast, 813 F.2d 254, 261 (9th Cir.1987). The instructions complied with these standards. "[O]ther instructions, in their entirety, adequately cover [Gahn's] theory" of the case. United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990). To the extent that Gahn's theories were not stated in the instructions, as with his theory that a person pulled over for violating a traffic law need not disclose his identity, Gahn's proposed instructions find no support in case law and directly conflict with Wash.Rev.Code Sec. 46.61.021, so the court did not err in refusing to accept them.
 
 
 7
 Gahn proposed jury instruction No. 21, which states that law enforcement officers are expected to know the law and stay abreast of constitutional developments. There is language in decisions stating that proposition. Ward v. County of San Diego, 791 F.2d 1329, 1332 (9th Cir.1986 ); see also Capeoman v. Reed, 754 F.2d 1512 (9th Cir.1985). But it has no application here. There was no plain law applicable to the circumstances in the case at bar which the officers should have known and which made their conduct unconstitutional. There was a statute requiring Gahn to tell the officers who he was when they stopped the car he was in for a traffic infraction and questioned him about his seat belt, see Wash Rev.Code Sec. 46.61.021, and no case saying that the statute was unconstitutional.
 
 
 8
 Gahn argues that the district court judge should have recused himself for partiality, after making interlocutory decisions adverse to Gahn regarding discovery and summary judgment. This is not extrajudicial, and does not fall within the narrow exception for pervasive bias and prejudice, so the judge did not abuse his discretion in denying the request for recusal. United States v. Monaco, 852 F.2d 1143, 1147 (9th Cir.1988).
 
 
 9
 Gahn argues that the court erred in denying him the opportunity to put on an expert witness to educate the jury about the law regulating police procedure during search and arrest. We review for abuse of discretion. Meyer v. Fidelity Savings, 944 F.2d 562, 577 (9th Cir.1991). Generally the judge, not an expert witness, tells the jury what the law is on relevant subjects. United States v. Unruh, 855 F.2d 1363, 1376 (9th Cir.1987); Meyer v. Fidelity Savings, 944 F.2d 562, 577 (9th Cir.1991). The judge did not abuse his discretion in this case.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3