114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abel Bernard MEDINA; Benjamin Tiburico-Torres; Jesus
Manuel Chavez, Plaintiffs-Appellants,
v.
Edward MILLER, individually and as an agent for the State of
California Department of Justice, Bureau of Narcotics;
County of Kern, a political subdivision; Earl Bray,
individually and as a detective for the Kern County
Sheriff's Department; John Lacertoso, individually and as a
Sergeant for the Kern County Sheriff's Department; J.C.
Plank, individually and as a deputy for the Kern County
Sheriff's Department, Defendants-Appellees.
 No. 95-56805.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1997.
Decided May 15, 1997.
 
 1
 Before: BROWNING and SCHROEDER, Circuit Judges, and RESTANI, U.S. Court of International Trade Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Abel Bernard Medina, Benjamin Tiburico-Torres, and Jesus Manuel Chavez, appeal from the pre-trial denial of their motion for summary judgment, after a jury verdict against them in their 42 U.S.C. § 1983 action. Appellants contend that the individual defendants-appellees violated their constitutional rights in an unlawful search and seizure and an arrest not supported by probable cause. The appellants' criminal convictions were overturned after the California Court of Appeal ruled that the government had not demonstrated probable cause. The appellants' principal contention is that the district court should have ruled as a matter of law in their favor on the issue of liability. Their theory is that the California court ruling precludes the individual appellees from relitigating the issue of probable cause.
 
 
 4
 The appellees contend that we lack jurisdiction to consider the issue because it was squarely raised in a motion for summary judgment that was denied before trial and is, therefore, not now appealable. General Signal v. MCI Telecommunications Corp., 66 F.3d 1500, 1506 (9th Cir.1995) (citing Lum v. City & County of Honolulu, 963 F.2d 1167, 1169-70 (9th Cir.1992); Locricchio v. Legal Servs. Corp., 833 F.2d 1352, 1358-59 (9th Cir.1987), cert. denied, 116 S.Ct. 1017 (1996)). We conclude, however, that by offering jury instructions that effectively sought a directed verdict on the issue of the legality of the appellees' conduct, the appellants have adequately preserved the collateral estoppel question for our review.
 
 
 5
 We must, however, affirm the district court's judgment on the merits. The district court relied upon federal cases that squarely hold that individual law enforcement officers are not collaterally estopped by state court judgments that reverse criminal convictions on constitutional grounds. See Davis v. Eide, 439 F.2d 1077 (9th Cir.1971); Duncan v. Clements, 744 F.2d 48 (8th Cir.1984).
 
 
 6
 Appellants correctly point out that the controlling law for us to follow is California law, rather than federal law, but the principles are the same. Under California law, "a party will be collaterally estopped from relitigating an issue only if (1) the issue decided in the prior adjudication is identical with that presented in the action in question; and (2) there was final judgment on the merits; and (3) the party against whom the plea is asserted is a party in privity with the party to the prior adjudication." Clemmer v. Hartford Ins. Co., 22 Cal.3d 865, 874 (1979) (citing Bernhard v. Bank of America, 19 Cal.2d 807, 819 (1942)). "In the context of collateral estoppel, due process requires that the party to be estopped must have had an identity or community of interest with, and adequate representation by, the losing party in the first action as well as that the circumstances must have been such that the party to be estopped should reasonably have expected to be bound by the prior adjudication." Clemmer, 22 Cal.3d at 875 (citations omitted). See also Restatement (Second) of Judgments § 39 (1982).
 
 
 7
 In this case, the individual appellees were not parties to the criminal case; there is no indication that they controlled that litigation; and the burden of proof in the criminal case was on the government to show the lawfulness of the search and arrest, whereas the burden of showing the unlawfulness in this civil action is upon the individual appellants. Griffin v. Strong, 739 F.Supp. 1496 (D.Utah 1990). Moreover, contrary to appellants' suggestions at trial and before this court, the question of the illegality of the search and arrest is not equivalent to the question of whether appellees will ultimately be held liable. Even if the appellees' conduct had violated appellants' constitutional rights, the jurors were entitled to find that appellees were shielded by qualified immunity because they reasonably believed that they were acting lawfully, and the jury in fact so found.
 
 
 8
 The County of Kern, although still denominated as a defendant-appellee, was granted summary judgment because appellants' failed to show Monell liability. Monell v. Dept. of Social Services, 436 U.S. 658 (1978). Appellants do not challenge that ruling on appeal.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3