John Alex HROSCIKOSKI, Plaintiff—Appellant,

v.

CITY OF GLENDALE; et al., Defendants—Appellees.

No. 03–55631.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2005.

Decided Aug. 8, 2005.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Thomas E. Beck, Esq., Thomas E. Beck & Associates, Los Angeles, CA, for Plaintiff—Appellant.

Scott H., Carmen O. Merino, Glendale, CA; Stephen E. Ronk, Esq., and William E. Pallares, Esq., Gordon & Rees, LLP, Los Angeles, CA, for Defendants—Appellees.

Before: BROWNING, MAGILL, and RYMER, Circuit Judges.

MEMORANDUM *

Hroscikoski appeals the district court's summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action alleging false arrest, conspiracy, and malicious prosecution and state law claims of intentional infliction of emotional distress (IIED), negligent employment, and civil rights violations. We review de novo the district court's grant of summary judgment. *See Diruzza v. County of Tehama,* 323 F.3d 1147, 1152 (9th Cir.2003). The parties are familiar with the factual and procedural background of this case, so we recount it only as necessary to our discussion.

▬▬ Defendants Thomas Rabine and Officer Cohen were not in privity with the District Attorney during Hroscikoski's prosecution for trespassing, and thus were not estopped from relitigating the issue of probable cause. *Davis v. Eide,* 439 F.2d 1077, 1078 (9th Cir.1971). The district court properly granted summary judgment to Officer Cohen and Rabine because both had probable cause to believe that Hroscikoski was wrongfully on St. James property. *See Peng v. Mei Chin Penghu,* 335 F.3d 970, 976 (9th Cir.2003) ("Under California law, an officer has probable cause for a warrantless arrest 'if the facts known to him would lead a [person] of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime.' ").

Based on the information Officer Cohen received from a fellow officer and the property manager, that Hroscikoski had been asked to leave before and that he was "free-loading" off of one of the tenants, it was objectively reasonable for Cohen to believe that Hroscikoski was trespassing at the St. James. Although Hroscikoski appeared to willingly leave the premises, he turned back and gave Officer Cohen the impression that he was going to reenter St. James property. Rabine's request to place Hroscikoski under citizen's arrest for trespassing supported Cohen's belief that Hroscikoski was trespassing. Rabine had repeatedly ordered Hroscikoski to leave and he believed Hroscikoski was trying to move into the building in violation of the residential rules. Based on this information and the instruction Rabine received from the police that Hroscikoski was trespassing, it was objectively reasonable for Rabine to conclude that his citizen's arrest of Hroscikoski was lawful. Because Officer Cohen and Rabine had probable cause, Hroscikoski's § 1983 and state law claims for false arrest and conspiracy fail. *See Fonda v. Gray,* 707 F.2d 435, 438 (9th Cir.1983).

▬▬ The district court properly granted summary judgment to the defendants on Hroscikoski's remaining claims as well. The defendants' conduct did not rise to the severe level required for Hroscikoski to sustain an IIED claim. *See Fletcher v. Western Nat'l Life Ins. Co.,* 10 Cal. App.3d 376, 394, 89 Cal.Rptr. 78 (Cal.Ct. App.1970). Although California Government Code section 815.2 does not bar a negligent employment claim against the City, Hroscikoski has offered no evidence that the City negligently hired Officer Cohen. Since Officer Cohen had probable cause to arrest Hroscikoski, there is also no evidence that Cohen's actions caused Hroscikoski any injury. As to Hroscikoski's negligent employment claim against St. James owners Thomas and Penelope Hitch, Hroscikoski offered no evidence of Rabine's background that would have presented an undue risk of harm to Hrosciko-

ski or others present at the St. James. *See Frederico v.Super. Ct. of Sacramento County,* 59 Cal.App.4th 1207, 1213–14, 69 Cal.Rptr.2d 370 (1997). Finally, while Hroscikoski does not have to be a member of a protected class in order to sustain a civil rights claim under California Civil Code section 52.1, summary judgment was still appropriate because the undisputed facts do not show that he was subjected to "threats, intimidation, or coercion that interfere[d] with a constitutional or statutory right." *See Venegas v. County of Los Angeles,* 32 Cal.4th 820, 11 Cal.Rptr.3d 692, 87 P.3d 1, 14 (Cal.2004).

AFFIRMED.