Travelers Indemnity Company, Appellant, v. Home Mutual Insurance Company, Respondent.

*November 2—November 28, 1961.*

138

For the appellant there were briefs by *George D. Young,* attorney, and *Theodore L. Priebe* of counsel, both of Milwaukee, and oral argument by *Mr. Priebe.*

For the respondent there was a brief by *Backus, Waters & McClelland* of Milwaukee, and oral argument by *Vernon E. Waters.*

BROWN, J. In *Wm. H. Heinemann Creameries v. Milwaukee Automobile Ins. Co.* (1955), 270 Wis. 443, 452a, 71 N. W. (2d) 395, 72 N. W. (2d) 102, on rehearing we held that where A and B are parties to an accident

and B makes a compromise settlement of A's claim for damages, B is estopped from later asserting his own claim against A unless B expressly reserved that right when concluding the settlement. Further, page 452b, we said: "We consider the better rule to be that the making of the original settlement without any express reservation of rights by the settlor constitutes a complete accord and satisfaction of all *claims of the immediate parties to the settlement* arising out of the same accident." (Emphasis supplied.)

The trial court's order overruling the demurrer was based upon the *Heinemann* decision.

Appellant contends that the court should have reached a contrary result, as in *Ohio Casualty Ins. Co. v. Nauth* (1958), 5 Wis. (2d) 518, 93 N. W. (2d) 514, where we did not recognize estoppel as a valid defense. Moen and Nauth had collided. Moen's insurer, Ohio, settled with Nauth and in the release made no reservation of rights. Nauth's mother was a passenger in his car at the time of the collision. Six months after the settlement with Nauth, Ohio settled the claim of the mother for her injuries. Ohio then demanded contribution from Nauth. We held that the release of Ohio by Nauth did not estop Ohio from prosecuting its claim for contribution.

The learned trial court, in the case at bar properly distinguished the *Heinemann* and the *Nauth Cases,* pointing out that in the latter the cause of action for contribution did not accrue until approximately six months after the settlement with Nauth when Ohio settled the claims of Nauth's mother and father.

We conclude that the facts of the case at bar bring it within the rule of *Wm. H. Heinemann Creameries v. Milwaukee Automobile Ins. Co.,* 'supra, rather than *Ohio Casualty Ins. Co. v. Nauth, supra.* Consequently, appellant's demurrer was correctly overruled.

*By the Court.*—Order affirmed.