**HANOVER INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**The TRAVELERS INSURANCE COMPANY, Defendant-Appellee.**

No. 196, Docket 29880.

United States Court of Appeals Second Circuit.

Argued Jan. 5, 1966.

Decided Jan. 24, 1966.

John J. Hunt, Bridgeport, Conn., for plaintiff-appellant.

Adrian W. Maher, Bridgeport, Conn. (Richard F. Oburchay, Philip B. Lyster, Kevin J. Maher, New Haven, Conn., on the brief), for defendant-appellee.

Before MOORE, SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Hanover Insurance Company (Hanover) appeals from a judgment in favor of defendant-appellee The Travelers Insurance Company (Travelers). In this diversity action, Hanover sought indemnification from Travelers as a result of a $20,000 settlement of a Connecticut state court negligence action brought by Muriel Davis against New England Motors, Inc. (New England), Hanover's insured, Stothart Motors (Stothart), Traveler's insured and Donald De Sola whom Davis alleged was the agent of either or both of New England and Stothart.

Hanover appeared by counsel for New England and De Sola. Travelers appeared only for Stothart but not for De Sola who it claimed was not insured under its policy. De Sola apparently disappeared, Hanover withdrew its appearance for him and a default judgment was entered against De Sola. During the third day of the state court trial, the case was settled for $20,000, Hanover agreeing to pay $15,000 and Travelers $5,000..

The trial court here found that Hanover "paid the $15,000 because it appeared extremely probable that New England Motors, Inc., would be held liable for the injuries to the Davis woman caused by the negligence of its agent and servant De Sola * * *" It also found that Travelers "paid $5,000 towards settlement to avoid 'further trial and appellate costs and to avoid further litigation.'" During settlement negotiations of the Davis case, there was no intimation that any right of indemnification by Hanover was reserved as a condition of its $15,000 payment. Counsel for the respective insurance companies undoubtedly based

their contributions upon their judgment as to the chances of liability. Upon the facts disclosed, there may well have been a wide disparity in such chances. The trial court also accurately concluded that Hanover "waived and relinquished any rights, if any, to indemnity or contribution from the defendants and is estopped from a recovery in this action; * *."

Hanover's appellate theory of subrogation is ingenious but is not sound in the light of the facts.

Judgment affirmed.