PAUL BURKE, APPELLANT, v. GAIL SHAFFER, APPELLEE.
165 N. W. 2d 352

Filed February 28, 1969. No. 37079.

Marks, Clare, Hopkins & Rauth and Charles I. Scudder, for appellant.

Harry E. Stevens, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The plaintiff, Paul Burke, and the defendant, Gail Shaffer, were involved in an automobile accident near Fremont, Nebraska, on May 29, 1963. The plaintiff, who carried no automobile liability insurance at the time of the accident, consulted a lawyer and obtained a form of release to be signed by the defendant and the passengers in the defendant's automobile.

On July 5, 1963, the plaintiff reimbursed the defendant for the damage to the automobile operated by the defendant and paid the medical and hospital expenses of the defendant and his passengers. At the same time the defendant and the passengers executed and delivered a release to the plaintiff.

This action was commenced on May 29, 1967, to recover the damages sustained by the plaintiff in the accident of May 29, 1963. The defendant moved for summary judgment, alleging that the plaintiff had admitted liability for the accident; that the plaintiff was estopped from bringing the action; and that the settlement completed on July 5, 1963, was an accord and satisfaction of all claims arising out of the accident of May 29, 1963.

The trial court sustained the defendant's motion and dismissed the action. The plaintiff's motion for new trial was overruled and he has appealed.

The case turns on the effect of the transaction between the parties on July 5, 1963. The plaintiff was faced with the necessity of furnishing proof of financial responsibility. He chose to do so by obtaining a release from the

other parties to the accident. The release did not contain any reservation of rights against the defendant but did recite: "* * * this settlement is in compromise of a doubtful and disputed claim and that the payment is not to be construed as an admission of liability on the part of Paul Burke, by whom liability is expressly denied."

The general rule is that a settlement between the parties involved in an accident without an express reservation of rights against the parties executing a release operates as an accord and satisfaction of all claims of the immediate parties to the settlement arising out of the accident. Wm. H. Heinemann Creameries, Inc. v. Milwaukee Auto. Ins. Co., 270 Wis. 443, 71 N. W. 2d 395, rehearing denied, 270 Wis. 452a, 72 N. W. 2d 102. See, also, Mensing v. Sturgeon, 250 Iowa 918, 97 N. W. 2d 145; Kelleher v. Lozzi, 7 N. J. 17, 80 A. 2d 196; Eberting v. Skinner (Mo. App.), 364 S. W. 2d 829; Farmer v. Arnold (Mo.), 371 S. W. 2d 265; Lugena v. Hanna (Mo.), 420 S. W. 2d 335.

The theory of the rule is that it is logically and factually impossible to reconcile a valid claim by one party with a valid claim by the adverse party. The fact that the release contains a recital that the release is given pursuant to the settlement of a disputed claim and that the party obtaining the release denies liability does not prevent the release from operating to bar a later action by the party obtaining the release.

The plaintiff argues that the rule should not apply in this case because the plaintiff did not indicate his intention to hold the defendant liable when the settlement was made on July 5, 1963. It is the absence of a reservation of rights that now bars the plaintiff's action against the defendant.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.