[No. 11180-9-I. Division One. May 29, 1984.]

MUTUAL OF ENUMCLAW INSURANCE COMPANY, *Appellant,* v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Respondent.*

*Thom, Navoni, Pierson, Ryder & Major* and *Gerald M. Ormiston,* for appellant.

*Reed, McClure, Moceri & Thonn, P.S.,* and *William R. Hickman,* for respondent.

DURHAM, C.J.—Mutual of Enumclaw (Mutual) and State Farm both contributed to a plaintiff's recovery in settlement of a personal injury action. Mutual later brought this action seeking indemnification from State Farm for the amounts paid by Mutual. Mutual appeals from the order granting State Farm's motion for summary judgment and denying Mutual's motion for summary judgment. We affirm.

On July 8, 1976, Kenneth Lane, Jr. (State Farm's insured) was driving his parents' automobile in which Michael Evans (Mutual's insured) was a passenger in the right front seat. Lane was driving north on Holman Road in Seattle. Ann Woodworth was riding her bicycle in the same direction on Holman Road, near the right fog line. As the Lane car passed Woodworth, Evans reached out his window and pinched her on the posterior. As a result, Woodworth fell from her bicycle, severely injuring her shoulder. Woodworth then filed suit against Lane, Evans and another passenger. Mutual of Enumclaw defended Michael Evans pursuant to a homeowners' insurance policy issued to his parents. State Farm defended Lane pursuant to his parents' automobile liability policy. State Farm also cross–

claimed against Evans and Mutual, claiming that Lane's negligence, if any, was "passive and secondary."

On October 19, 1977, counsel for Mutual wrote counsel for State Farm, advising of Mutual's $20,000 settlement offer to Woodworth. In this letter, Mutual also stated its intent to seek indemnification from State Farm for funds paid on behalf of Evans:

> I believe that under the terms of your policy with the Lanes, Mike Evans and also Jon Frizzell would qualify as permissive users of the Lane vehicle . . .
>
> This letter will place you and your principal on formal notice that Mutual of Enumclaw, on behalf of the Evans [sic], intends to pursue this coverage issue and seek reimbursement from your principal of any funds paid on behalf of the Evans [sic] in this matter.

Mutual did not, however, amend its formal pleadings or file a cross claim against State Farm concerning the coverage issue. The issue was never mentioned again by anyone after the letter of October 19. By October 24, agreement was reached on settlement of Woodworth's tort claim. Mutual contributed $22,000, State Farm contributed $15,000, and the other passenger in the Lane car contributed $1,000. An order of dismissal was entered on December 6, 1977, which stated "[a]ll claims in this action shall be dismissed with prejudice and without costs."

Almost 3 years later, on August 26, 1980, Mutual filed the complaint for indemnification from State Farm that is the basis of this action. Mutual alleged that Evans, as a passenger, was a permissive user of the Lane vehicle at the time of the incident, and that State Farm, as primary insurer, should reimburse Mutual in the amount of $22,000 plus interest, fees, and costs. On November 10, Mutual moved for summary judgment. State Farm also moved for summary judgment, claiming that Mutual's policy coverage claim had merged into the final settlement documents which dismissed all claims with prejudice. The trial court granted State Farm's motion and denied Mutual's motion. Mutual appeals.

 Mutual first argues that, as an insurer, it was not a named party to the tort action and, thus, not a party to the settlement order. Mutual contends that, although its attorney signed the settlement order, he did so not as Mutual's representative but on behalf of the defendant Evans. We find these arguments unpersuasive. As noted in the Restatement (Second) of Judgments § 39, at 382 (1982):

> A person who is not a party to an action but who controls or substantially participates in the control of the presentation on behalf of a party is bound by the determination of issues decided as though he were a party.

This section applies to an insurer who takes over the defense of its insured. *See* Restatement (Second) of Judgments § 39, Reporter's Note, comment *c,* at 388 (1982). Here, Mutual conducted the defense of Evans pursuant to the homeowners' insurance policy issued to his parents. It is clear that Mutual, as an insurer, had an interest in the settlement, and that Mutual's counsel had a substantial role in the settlement negotiations. Thus, Mutual is bound by the final settlement order just as though it were a named party.

██ ██ Mutual next contends that its policy coverage claim against State Farm was never made an issue in the tort action and, thus, was not extinguished by the settlement. This argument must be evaluated in light of the strong policy of encouraging the private settlement of disputes. *See Haller v. Wallis,* 89 Wn.2d 539, 544, 573 P.2d 1302 (1978); *Stottlemyre v. Reed,* 35 Wn. App. 169, 173, 665 P.2d 1383 (1983). In considering the standard for setting aside written releases, the Washington Supreme Court has stated:

> If releases obtained under the circumstances and facts now before us are to be taken lightly and rescinded, there will be few settlements without litigation. Consequently, many people with relatively small claims will be forced unnecessarily into additional expense and delay. There would be an appreciable increase in the number of personal injury cases presented to the courts for final determination. No one settling a case would be secure from litigation short of the statute of limitations.

*Beaver v. Estate of Harris,* 67 Wn.2d 621, 627, 409 P.2d 143 (1965). Although Mutual did not sign a written release of claims in this case, counsel for Mutual did sign the stipulation for and order of dismissal on December 6, 1977. That order stated that "[a]ll claims in this action shall be dismissed with prejudice and without costs." Based on the policy stated above, there is a presumption that a general settlement agreement embraces all existing claims of the parties arising from the underlying incident. *Burrows v. Williams,* 52 Wash. 278, 287, 100 P. 340 (1909). Accordingly, we hold that, absent an express reservation of rights in the final settlement documents, Mutual is presumed to have waived its claim to indemnification from State Farm.

Other jurisdictions considering this issue have reached the same conclusion. In *Wm. H. Heinemann Creameries, Inc. v. Milwaukee Auto. Ins. Co.,* 270 Wis. 443, 71 N.W.2d 395, 72 N.W.2d 102 (1955), a defendant in a suit for property damage made a compromise settlement with the plaintiff. Later, the defendant asserted a claim for his own damages arising from the accident. The court stated:

> We consider the better rule to be that the making of the original settlement without any express reservation of rights by the settlor constitutes a complete accord and satisfaction of all claims of the *immediate* parties to the settlement arising out of the same accident.

*Heinemann,* at 452b. To rule otherwise, the court noted, would discourage private settlement of disputes:

> Often the party who settles his claim for damages accepts a reduced amount in order to avoid litigation, which reduced amount he likely would be unwilling to accept, if he were apprised of the fact that the opposite party making the payment would later force him to litigate the issue of liability in a court action brought by such other party's seeking to recover the latter's own damages arising from the same accident.

*Heinemann,* at 452b. The same court later applied the *Heinemann* rule to preclude a defendant's insurer from raising, after settlement of a tort claim, a claim for indemnity against the plaintiff's insurer. *Travelers Indem. Co. v.*

*Home Mut. Ins. Co.,* 15 Wis. 2d 137, 111 N.W.2d 751 (1961). *See also Hanover Ins. Co. v. Travelers Indem. Co.,* 239 F. Supp. 37 (D. Conn. 1965), *aff'd,* 355 F.2d 552 (2d Cir. 1966); *Mensing v. Sturgeon,* 250 Iowa 918, 97 N.W.2d 145, 150 (1959); *Butters v. Kane,* 347 A.2d 602, 604 (Me. 1975); *Lugena v. Hanna,* 420 S.W.2d 335, 340–41 (Mo. 1967); *Burke v. Shaffer,* 184 Neb. 100, 165 N.W.2d 352, 353 (1969); *Harrison v. Lucero,* 86 N.M. 581, 525 P.2d 941, 944 (Ct. App. 1974).

Finally, Mutual argues that its letter of October 19, 1977, to State Farm raised an issue of fact concerning Mutual's intent to reserve its rights on the policy coverage claim. Thus, Mutual argues, summary judgment was improper. In view of our holding that, except for claims expressly reserved, a settlement agreement is presumed to embrace all existing claims of the parties arising from the underlying incident, the trial court did not err in granting summary judgment.

The judgment is affirmed.

CORBETT, J., and JOHNSEN, J. Pro Tem., concur.