**Harold G. SEXTON, Plaintiff-Appellant,**

v.

**FIRST NATIONAL MERCANTILE BANK & TRUST CO. OF JOPLIN, Defendant-Respondent.**

**No. 14424.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 7, 1986.

David H. Dunlap, West Plains, for plaintiff-appellant.

William H. Burden, Jr., Santa Fe, N.M., Daniel E. Scott, Joplin, for defendant-respondent.

PREWITT, Chief Judge.

Plaintiff filed his "Second Amended Petition for Breach of Contract" on January 28, 1985. It stated that plaintiff was damaged "by reason of Bank's [defendant's] breach of its loan commitment to Plaintiff", causing plaintiff to lose an automobile dealership.

Defendant's answer included an allegation that plaintiff "is estopped from claiming Defendant breached any obligations to Plaintiff or Sexton Motors, Inc. by agreeing to and executing that certain Agreement, dated April 18, 1972, between First National Bank and Trust Company of Joplin, Sexton Motors, Inc., Chrysler Credit Corporation, Harold Glen Sexton, and Barbara Jane Sexton".

On May 10, 1985, defendant filed a motion for summary judgment stating, in part, that "Plaintiff is estopped from asserting such cause of action by virtue of a Settlement Agreement executed on April 18, 1972." The trial judge, on July 15, 1985, granted summary judgment for defendant. The basis of this ruling was the trial court's determination that "[a]s to the issue of 'estoppel by settlement,' the Court finds there is no genuine issue as to any material fact and that defendant is entitled to judgment in its favor as a matter of law". Plaintiff appeals.

Summary judgment should not be granted where there is doubt as to material facts. *Kennon v. Citizens Mutual Insurance Co.,* 666 S.W.2d 782, 784 (Mo.App. 1983). In reviewing a summary judgment, an appellate court should scrutinize the record in the light most favorable to the party against whom summary judgment was rendered. *Id.*

■ *England v. Yellow Transit Co.,* 240 Mo.App. 968, 225 S.W.2d 366 (1949), and *Eberting v. Skinner,* 364 S.W.2d 829 (Mo. App.1963), considered the effect of a claimant receiving a release from the party against whom the claim was being made. Both cases involved automobile collisions and held that absent an express reservation, if a party has been released from all claims arising from the collision, that party is estopped from suing the party who gave the release for damages arising out of the collision. 225 S.W.2d at 369; 364 S.W.2d at 834–835. Although these, and most of the other cases discussing this type of estoppel, involve automobile collisions, no reason is advanced or known to us why this principle should not be applicable to a document settling debts, security interests, and other financial matters.

"In the absence of words in the operative part of a general release which indicate an intention to limit or restrict its effect, it must be concluded that the instrument was contemplated and intended to be a complete settlement of all matters between the parties to the release." *Lugena v. Hanna,* 420 S.W.2d 335, 341 (Mo.1967). For a party to retain certain legal rights relating to the dispute, there must be an express reservation of such rights in the settlement agreement. *Swope v. General Motors Corp.,* 445 F.Supp. 1222, 1228 (W.D.Mo. 1978). See also *Butters v. Kane,* 347 A.2d 602, 604 (Me.1975); *Mutual of Enumclaw Insurance Co. v. State Farm Mutual Automobile Insurance Co.,* 37 Wash.App. 690, 682 P.2d 317, 319–320 (1984).

[2] Written contracts of compromise and settlement are often termed a "release". See *Stahly Cartage Co. v. State Farm Mutual Automobile Insurance Co.,* 475 S.W.2d 438, 441 (Mo.App.1971). A compromise and settlement agreement like any contract requires consideration. 15A Am.Jur.2d, Compromise and Settlement, § 7, p. 779 (1976). See also 15A C.J.S. Compromise and Settlement, § 2, p. 174 (1967) (settlement, to have legal validity, must possess the essential elements of any other contract).

■ There is no dispute in the facts here. The dispute relates to the legal effect of the document dated April 18, 1972. The document consists of 6 pages and is entitled, "AGREEMENT". The parties to the agreement were defendant, Sexton Motors, Inc., Chrysler Credit Corporation, Harold Glen Sexton, and Barbara Jane Sexton, his wife. A part of the agreement provided that upon receipt of $43,600, defendant would release plaintiff, his wife, and Sexton Motors, Inc. "from all claims and liabilities owed by them to" defendant, except for a note which plaintiff and his wife had signed, payable to defendant in the original amount of $6,187.20.

In effect, plaintiff contends that there was no consideration for the release to him, the agreement was therefore invalid, and he is not estopped by the agreement from bringing this action. Plaintiff contends that there was no consideration for the agreement because the bank was being fully paid. Plaintiff acknowledges that if there was sufficient consideration, his claim is barred. Plaintiff's brief states:

Had Bank here accepted something *less* than the $43,600 recited as "the debt owed to bank," or had it recited and expressly released some arguably valid claim against plaintiff, then of course the release would be supported by consideration *as a matter of law* and plaintiff would be estopped from the present action.

"A valuable consideration 'may consist of some right, interest, profit or benefit accruing to one party, or some forbearance, loss or responsibility given, suffered or undertaken by the other.'" *Perbal v. Dazor Manufacturing Corp.,* 436 S.W.2d 677, 697

(Mo.1968); *Willhite v. Marlow Adjustment, Inc.*, 623 S.W.2d 254, 263 (Mo.App. 1981).

The agreement contained provisions providing for the disposition of a replevin suit filed by the bank seeking certain assets of Sexton Motors, Inc. As a principal shareholder in Sexton Motors, Inc., plaintiff had an interest in the outcome of that suit and in the settling of other financial matters with defendant. Plaintiff was the co-maker with Sexton Motors, Inc. of a note payable to defendant in the amount of $20,000, whose payment was provided for in the agreement. The agreement provided a method for settling certain obligations of Sexton Motor Company and, at least in part, the obligations of plaintiff to defendant.

The agreement also provided for the order of priorities among the various parties as to certain assets of Sexton Motors Inc., and procedures were established for the possession, disposal, and accounting of those assets. The bank agreed to release all claims against certain parties upon receipt of a fixed amount, which the bank apparently later received. Plaintiff was released from all liability to defendant except for one note, and plaintiff did not reserve any right against defendant. The agreement provided for a private sale of certain assets, which might have been to the advantage of plaintiff.

These and the other provisions of the agreement were not likely to occur absent agreement and were not matters that any party was obligated to perform or agree to. They constituted rights or benefits to plaintiff and forebearance by defendant. There was consideration for the agreement and by not reserving any claim against defendant, plaintiff's present claim is now barred.

The trial court correctly entered summary judgment. That judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.