[No. 56809-4-I.   Division One.   June 19, 2006.]

REANNA L. PLANCICH, *on Behalf of Herself and All Persons Similarly Situated, Appellant,* v. PROGRESSIVE AMERICAN INSURANCE COMPANY, *on Behalf of Itself and All Persons Similarly Situated, Respondent.*

544

*Michael D. Sandler*, *Bennet A. McConaughy*, and *Linda R. Larson* (of *Sandler Ahern & McConaughy, P.L.L.C.*), for appellant.

*John D. Wilson, Jr.*, and *David M. Jacobi* (of *Wilson Smith Cochran Dickerson*), and *Jennifer A. Williams*, for respondent.

*Roy A. Umlauf* on behalf of Unigard Insurance, amicus curiae.

¶1 PER CURIAM — Reanna Plancich appeals the superior court's order dismissing her lawsuit against Progressive American Insurance Company, in which she seeks an award of attorney fees. Because Plancich released Progressive from such an action as part of a previous settlement agreement, her lawsuit is barred. We affirm.

I

¶2 Plancich was injured in a motor vehicle accident on April 23, 1999. She obtained the $10,000 limits of her personal injury protection coverage (PIP) from Progressive, her insurer. Plancich successfully pursued a claim against the at-fault driver and recovered the $25,000 policy limits of the driver's insurance policy. Because her damages were not fully compensated, she then sued Progressive under the underinsured motorist coverage (UIM) of her insurance policy.

¶3 Plancich reached a settlement agreement with Progressive. In exchange for $4,449.40, she released Progressive from all claims associated with her accident and signed an agreement to hold Progressive harmless from any future claims.

¶4 Over three years later, Plancich filed a class action on her own behalf and on behalf of all similarly situated Progressive insureds, seeking to recover attorney fees under *Winters v. State Farm Mutual Automobile Insurance Co.*[1] On Progressive's motion for summary judgment, the superior court dismissed Plancich's case.

II

■ ¶5 We review the court's order of dismissal on summary judgment de novo.[2]

■ ¶6 Plancich agreed to fully release Progressive "from any and all claims, actions, causes of actions, demands, rights, damages, [and] costs" resulting from the automobile accident. The language of the settlement agreement could

---

[1] 144 Wn.2d 869, 31 P.3d 1164 (2001). In *Winters*, our Supreme Court held that when a PIP carrier is reimbursed for its PIP payments because the insured is made whole by UIM coverage, the PIP carrier must pay a pro rata share of the legal expenses the insured incurs while obtaining recovery from the UIM carrier. *Winters*, 144 Wn.2d at 883. *Accord Hamm v. State Farm Mut. Auto. Ins. Co.*, 151 Wn.2d 303, 308-09, 88 P.3d 395 (2004).

[2] *M.W. v. Dep't of Soc. & Health Servs.*, 149 Wn.2d 589, 595, 70 P.3d 954 (2003).

not be clearer—Plancich released Progressive from *all* claims stemming from her April 23 automobile accident.

¶7 Yet Plancich claims that the release only pertains to claims arising under the UIM provision of her insurance policy. Because she seeks attorney fees under the PIP portion of her insurance contract, Plancich argues that her lawsuit is not barred.

¶8 Plancich urges us to interpret the release in connection with the check Progressive issued to her and the hold harmless agreement.[3] But these documents do not persuade us to interpret the release contrary to its obvious reading. The fact that the check was issued in payment of the UIM claim has no bearing on the extent of the release. Likewise, the language of the hold harmless agreement, which broadly pertains to all claims arising under the policy, does not persuade us to interpret the release differently.

¶9 Plancich also contends that the contract must be construed in compliance with regulations and that a full release of all claims conflicts with WAC 284-30-350(5) because it extends beyond the subject matter that gave rise to the claim.[4] Her argument assumes that for purposes of WAC 284-30-350(5), "subject matter" is very narrowly defined as the specific provision in the insurance policy under which the claim was filed. Such an interpretation would conflict with the "presumption that a general settlement agreement embraces all existing claims of the parties arising from the underlying incident."[5] As defined in the

---

[3] Under the *Berg* rule, even though the contract terms are clear, we may consider extrinsic evidence to assist us in ascertaining the intent of the parties and in interpreting the contract. *Berg v. Hudesman*, 115 Wn.2d 657, 667, 801 P.2d 222 (1990).

[4] WAC 284-30-350(5) states: "No insurer shall request a first party claimant to sign a release that extends beyond the subject matter that gave rise to the claim payment."

[5] *Mut. of Enumclaw Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 37 Wn. App. 690, 694, 682 P.2d 317 (1984). *Accord Or. Mut. Ins. Co. v. Barton*, 109 Wn. App. 405, 414, 36 P.3d 1065 (2001) ("The court presumes that a general settlement agreement embraces all existing claims arising from the underlying incident.").

release itself, the subject matter was her claim arising from the April 23 accident.

¶10 Regardless, it is clear that the parties' settlement accounted for claims under both the UIM and PIP portions of her policy. Plancich states that in reaching the $4,449.40 settlement amount, "Progressive netted out the PIP benefits it had previously advanced to Ms. Plancich." In other words, Plancich acknowledges that her PIP coverage was within the scope of the settlement agreement.

¶11 Plancich released Progressive from all claims stemming from her April 23 accident. Her subsequent action seeking attorney fees under *Winters* is barred.

¶12 Affirmed.

Review denied at 160 Wn.2d 1014 (2007).