2014 OCT -6 A 10: 06



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JON KOMINE and ALICYN KOMINE, husband and wife, | ) ) ) | No. 70707-8-I |
| Respondents, | ) ) ) | DIVISION ONE |
| v. | ) ) ) | UNPUBLISHED OPINION |
| HUMBERT ANGUIANO and "JANE DOE" ANGUIANO, husband and wife, and the marital community composed thereof, | ) ) ) ) ) | |
| Defendants, | ) ) ) | |
| METROPOLITAN PROPERTY AND CASUALTY CO., | ) ) ) | |
| Appellant. | ) ) | FILED: October 6, 2014 |

APPELWICK, J. — MetLife, Komine's underinsured motorist insurer, intervened in her negligent driving suit against Anguiano. Komine settled and stipulated to dismissal of her claims against Anguiano. The case was dismissed. Though Komine and MetLife pleaded no claims against each other, Komine obtained an order vacating the dismissal as to MetLife. MetLife appeals that vacation and argues that it is entitled to dismissal. The parties to the stipulation did not intend to and the stipulation did not dismiss anything other than the defendant and the claims against the defendant. We affirm.

## FACTS

Metropolitan Property and Casualty Insurance Company (MetLife) provides underinsured motorist (UIM) coverage to Alicyn and Jon Komine. On December 20, 2009, Humberto Anguiano rear-ended the Komines when they were stopped at a red

light. The Komines both suffered injuries. They sued Anguiano for negligent driving on October 31, 2011.

Anguiano had liability insurance through Farmers Insurance Company. However, the Komines claimed damages that exceeded the amount available under Aguiano's policy. The parties stipulated to MetLife's intervention.

In May 2012, Farmers agreed to pay Alicyn $30,000, the limit of Anguiano's policy. MetLife waived its subrogation rights to Alicyn's tort claim. In August, Jon settled with Farmers within policy limits.[1]

After Jon's claims were settled, Farmers' attorney sent a stipulation and order of dismissal to the Komines' attorney, Corrie Yackulic. The stipulation said, "It is hereby stipulated by and between the parties hereto that the above-entitled matter has been fully settled and compromised and may be dismissed with prejudice and without costs." The order of dismissal stated that, "IT IS ORDERED that the above-entitled matter be, and the same is hereby dismissed with prejudice and without costs."

Both Yackulic and defense counsel signed the stipulation and order. MetLife's counsel did not. MetLife was not notified or served a copy of the order. The court signed and entered the stipulation and order on August 27, 2012.

Komine sent MetLife a settlement demand on August 9, 2012. On August 14, the parties agreed that Komine would authorize release of her medical records to MetLife. They also agreed that MetLife would take Komine's deposition by mid- to late-October and that Komine would extend MetLife's response deadline to early November.

---

[1] Alicyn Komine's UIM claim against MetLife is the subject of this appeal. Going forward, we refer to Alicyn as "Komine" and Jon as "Jon" or "Jon Komine." We intend no disrespect by our use of first names.

On October 8, 2012, MetLife's attorney, Eric Newman, filed a notice of unavailability in the action. The court clerk then contacted Newman and told him that all claims in the case were dismissed, including those against MetLife.

On November 13, 2012, Newman wrote to Yackulic telling her what the clerk said. He asked, "Should I take that to mean that your client is no longer seeking to recover UIM benefits from MetLife for the subject accident?" He closed the letter, "Please let me know." Yackulic called Newman upon receipt of the letter. She assured him that Komine still intended to pursue her UIM claim.

The next day, Yackulic wrote to Newman asserting that the stipulation and order did not dismiss Komine's UIM claim. Yackulic included a proposed stipulated motion to vacate or amend the order of dismissal. She indicated that, if the parties could not reach a settlement, Komine would move to vacate the order.

In December 2012, Newman told Yackulic that MetLife would not sign the stipulated motion. However, MetLife still wished to settle Komine's UIM claim. Komine sent MetLife a new settlement demand in early 2013. MetLife sent a counteroffer on February 25, leaving it open until March 13. Komine apparently did not accept. She reached out to MetLife again on May 24. The parties were ultimately unsuccessful in reaching a settlement.

On June 20, 2013, Komine moved to vacate the order of dismissal. The court granted her motion as to the UIM claim against MetLife. MetLife appeals.

STANDARD OF REVIEW

We review a trial court's order vacating a judgment for abuse of discretion. Jones v. City of Seattle, 179 Wn.2d 322, 360, 314 P.3d 380 (2013). We will reverse its decision only when no reasonable person would take the position adopted by the trial court. Morgan v. Burks, 17 Wn. App. 193, 198, 563 P.2d 1260 (1977). We may affirm the trial court on any basis supported by the record. Amy v. Kmart of Wash., LLC, 153 Wn. App. 846, 868, 223 P.3d 1247 (2009). Our primary concern is that the trial court's decision is just and equitable. TMT Bear Creek Shopping Center, Inc. v. Petco Animal Supplies, Inc., 140 Wn. App. 191, 200, 165 P.3d 1271 (2007).

ANALYSIS

We begin by noting the awkward posture of this case. The parties ask us to consider whether the trial court erred in reinstating Komine's UIM claim against MetLife. But, Komine's complaint alleged no claims against MetLife. MetLife alleged no counterclaims against Komine. Komine has not amended her complaint. Nor has she asserted that MetLife denied her UIM claim. Consequently, we fail to see a claim left to reinstate.

MetLife urges that it is entitled to dismissal by virtue of its status as an intervenor. We do not dispute that an intervenor becomes a full party to an action. Fairfield v. Binnian, 13 Wash. 1, 4, 42 P. 632 (1895). We also acknowledge that MetLife, as an insurer with notice and the opportunity to intervene, is bound by judgment entered in this action. See Fisher v. Allstate Ins. Co., 136 Wn.2d 240, 246, 961 P.2d 350 (1998). But, these principles are not determinative here. A breach of contract claim for UIM coverage was not pleaded. Nor could it have been at that time. Thus, there was no determination of

4

liability, calculation of damages, or judgment as to the UIM claim. Instead, there was a resolution and dismissal of the claims against only Anguiano. MetLife wants to step into his shoes, but there are none left to fill. Komine succeeded in reinstating the cause number with the intervenor as the lone defending party, but with no claims pending. It was not necessary to revive a UIM claim that had not been pleaded, let alone extinguished. Nonetheless, MetLife asserts that the trial court erred in vacating the order, and so we now consider the propriety of that decision.

Komine moved to vacate for mistake under CR 60(a) and CR 60(b). To determine whether a mistake occurred, we must first ask whether, as a matter of law, the order of dismissal applied to Komine's UIM claim against MetLife. This question was not briefed on appeal or below.

Final judgments entered by stipulation or consent are contractual by nature. Martinez v. Kitsap Pub. Servs., Inc., 94 Wn. App. 935, 942, 974 P.2d 1261 (1999). "The touchstone of contract interpretation is the parties' intent." Tanner Elec. Coop. v. Puget Sound Power & Light, 128 Wn.2d 656, 674, 911 P.2d 1301 (1996). The court may determine the parties' intent from the actual language of the agreement, as well as from "'the contract as a whole, the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of respective interpretations advocated by the parties.'" Id. (internal quotation marks omitted) (quoting Scott Galvanizing, Inc. v. Nw. Enviroservices, Inc., 120 Wn.2d 573, 580-81, 844 P.2d 428 (1993))

5

In <u>Martinez</u>, codefendants Chico and Miller settled with the plaintiffs before trial. 94 Wn. App. at 939. The parties agreed to dismiss with prejudice "all claims which now exist or which may exist in the future among and between the plaintiffs and defendants arising out of the incident." <u>Id.</u> at 939-40 (emphasis omitted). The defendants then disputed whether this effectively dismissed Chico's cross claim against Miller. <u>Id.</u> at 940-41. The trial court ruled that it did. <u>Id.</u> The Court of Appeals reversed, finding that the parties did not intend to dismiss the cross claim. <u>Id.</u> at 948-49. Importantly, the order dismissed all claims "between the plaintiffs and defendants"—not between the defendants. <u>Id.</u> at 945. And, Chico's conduct demonstrated that it did not intend to dismiss its cross claim. <u>Id.</u> at 946. Chico consistently indicated to Miller and to the plaintiffs that it would pursue its cross claim, and Chico did so after entry of the order of dismissal. <u>Id.</u> at 946.

Conversely, in <u>Mutual of Enumclaw Insurance Co. v. State Farm Mutual Insurance Co.</u>, 37 Wn. App. 690, 694, 682 P.2d 317 (1984), the court found that the parties' general settlement agreement dismissed Mutual's cross claim against codefendant State Farm. Mutual indicated on October 19, 1977 that it intended to seek indemnification from State Farm. <u>Id.</u> at 692. On October 24, the parties reached a settlement and entered an order of dismissal stating, "'[A]ll claims in this action shall be dismissed with prejudice and without costs.'" <u>Id.</u> (alteration in original). Mutual did not raise the indemnification issue again until August 26, 1980, almost three years later. <u>Id.</u> The court found that Mutual waived its claim. <u>Id.</u> at 694.

Here, as in <u>Martinez</u>, the stipulation used limiting language: "IT IS HEREBY STIPULATED <u>by and between the parties hereto</u>." (Emphasis added.) The "parties

hereto" are the parties to the stipulation—the Komines and Anguiano, not MetLife. MetLife was not even served a copy of the order. This is distinct from Mutual, where all relevant parties agreed to the settlement that dismissed all claims in the action. See 37 Wn. App. at 692.

Komine's postjudgment behavior was analogous to Martinez as well. At all times, she acted consistent with her understanding that the stipulation and dismissal applied only to the defendant and not to MetLife. Throughout August 2012, Komine and MetLife engaged in settlement negotiations. These negotiations were contemporaneous with the settlement of Jon Komine's claims.

The defendant's behavior also demonstrates a lack of intent to dismiss claims against MetLife. When Jon's claims were settled, Farmers' counsel drafted the stipulation and order without including or notifying MetLife.

Komine's postdismissal behavior further demonstrates that she did not intend to release her UIM claim. When MetLife asked about the scope of the dismissal, Komine responded that it did not include MetLife and that she intended to pursue her UIM claim. Komine maintained that position at all times. The parties continued to talk settlement for roughly six months. When they were ultimately unsuccessful, Komine filed her motion to vacate.

Based on the terms Farmers drafted and its presentation of the order, it is apparent that it did not intend to dismiss MetLife. Likewise, Komine consistently demonstrated her intent to continue pursuing her claim. The record shows that the parties to the stipulation did not intend to dismiss Komine's UIM claim against MetLife.

The order of dismissal lacks the stipulation's limiting language. MetLife argues that Yackulic was negligent in signing the order and that attorney negligence cannot be the basis to vacate the order under CR 60(b). While the order could have been drafted more artfully, Yackulic was not negligent in signing it. When a court order incorporates a stipulation between parties, the meaning of the order is the same as the meaning objectively manifested by the parties at the time they formed the agreement. Martinez, 94 Wn. App. at 942. This is because the parties' intent will be the court's intent. In re Marriage of Boisen, 87 Wn. App. 912, 920, 943 P.2d 682 (1997). Thus, the court's order bears the meaning of the parties' stipulation limiting the dismissal to the claims between Komine and Anguiano. As a matter of law, the order of dismissal did not apply to MetLife or to an unpleaded potential UIM claim against it.

CR 60(a) provides for vacation of judgment due to clerical errors and errors arising from oversight or omission. Here, the court clerk overlooked the stipulation's language limiting the dismissal to claims between Komine and Anguiano.[2] This was a valid basis to vacate the order under CR 60(a).[3] See, e.g., Shaw v. City of Des Moines, 109 Wn. App. 896, 901, 903, 37 P.3d 1255 (2002) (vacating order of dismissal entered due to court clerk oversight).

The dismissal did not relieve MetLife of its obligations under its contract with Komine. Komine sought to protect her interests against MetLife's allegations otherwise.

---

[2] We note that the clerk's oversight was understandable. Farmers drafted the order inartfully, not mirroring the language of the stipulation. And, both Yackulic and the court overlooked the difference between the two.

[3] The trial court did not state its basis for vacating the order. It made findings that suggest it may have relied on CR 60(b). While we also find no error in vacating the order under CR 60(b), we need not analyze that question here.

Against this background, the trial court did what was equitable and vacated the order of dismissal as it pertained to MetLife. Though we perceive no point in reinstating a claim that was never alleged, we find that the trial court did not abuse its discretion.

We affirm.

Appelwick, J.

WE CONCUR:

Dwyer, J.          Schindler, J.